*MB*

**06C2191**

**JUDGE KOCORAS**
**MAGISTRATE ASHMAN**

**IN THE UNITED STATES DIS**
**FOR THE NORTHERN DISTRIC**
**EASTERN DIVISIO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF ILLINOIS, EX REL. LOKESH CHANDRA, M.D. | ) ) ) | Case No. |
| | ) | Chief Judge Charles Kocoras |
| Plaintiffs, | ) ) | |
| v. | ) ) | **FILED IN CAMERA AND UNDER** |
| | ) | **SEAL PURSUANT TO THE** |
| SUSHIL A. SHETH, M.D., | ) | **FEDERAL FALSE CLAIMS ACT** |
| | ) | **[31 U.S.C. §3729 et seq.] AND THE** |
| Defendant. | ) | **ILLINOIS WHISTLEBLOWER** |
| | ) | **REWARD AND PROTECTION ACT** |
| | ) | **[740 Ill. Comp. Stat. §175 et seq.]** |

**F I L E D**
*L'AL*

APR 1 9 2006

*Apr 19, 2006*

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**NOTICE OF FILING**

TO: Linda A. Wawzenski
Asst. U. S. Atty. and Deputy Chief
United States Department of Justice
219 South Dearborn Street
Room 500
Chicago, Illinois 60604

Honorable Alberto R. Gonzales
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Room 4400
Washington, D.C. 20530-0001

Patrick Keenan
Assistant Attorney General
and Bureau Chief
Medicaid Fraud Bureau
Office of the Attorney General
State of Illinois Center
100 West Randolph Street - 12th Floor
Chicago, Illinois 60601

    **PLEASE TAKE NOTICE** that on Wednesday, April 19, 2006, I filed with the United States District Court for the Northern District of Illinois, Eastern Division, a **Complaint, *in camera and under seal*,** a true and correct copy of which is attached hereto and is hereby served upon you.

*Robin Potter*
One of Relator's Attorneys

Robin B. Potter, Esq.
ROBIN POTTER & ASSOC. P.C.
111 East Wacker Drive
Suite 2600
Chicago, Illinois 60601
(312) 861-1800

NOF 4-19-06 Complaint.wpd
April 19, 2006/mab



06C2191
JUDGE KOCORAS
MAGISTRATE ASHMAN

IN THE UNITED STATES DIS
FOR NORTHERN DISTRIC
EASTERN DIVISION

UNITED STATES OF AMERICA and the )
STATE OF ILLINOIS, EX REL. LOKESH )
CHANDRA, M.D. )               Case No.
)
Plaintiffs **F I L E D**       Chief Judge Charles Kocoras
)          *LAL*
v.          APR 1 9 2006       JURY TRIAL DEMANDED
*Apr 19, 2006*
SUSHIL A. SHETH, M.D.,         FILED IN CAMERA AND UNDER SEAL
MICHAEL W. DOBBINS             PURSUANT TO THE FALSE CLAIMS ACT
CLERK, U.S. DISTRICT COURT     AND THE ILLINOIS WHISTLEBLOWER
Defendant.   )                 REWARD AND PROTECTION ACT
)

## COMPLAINT

Plaintiff-Relator, Lokesh Chandra, by and through his attorneys ROBIN POTTER

& ASSOCIATES, P.C., on behalf of the United States and the State of Illinois, alleges

based upon his personal knowledge, and information and belief, as follows:

### INTRODUCTION

1.     This is an action to recover damages and civil penalties on behalf of the

United States of America arising from false and/or fraudulent records, statements and

claims made, used, and caused to be made, used, or presented by Defendant Sushil A.

Sheth ("Defendant") in violation of the Federal Civil False Claims Act, 31 U.S.C. §3729 *et*

*seq.*, as amended ("the FCA") and Illinois Whistleblower Reward and Protection Act, 740

Ill. Comp. Stat. §175/1-8 (the "IWRPA").

2.     Defendant Sheth is a medical doctor.  He provides medical services to

individuals on behalf of hospitals and physicians on a contract basis in the greater Chicago

metropolitan area.  He has provided contract services to plaintiff-relator, Lokesh Chandra

(hereafter "Dr. Chandra," "Plaintiff" or "Relator"). Between at least since 2002 and the present, Dr. Sheth has covered hospital rounds and patients for Dr. Chandra and/or other physicians when they are out of town or unavailable. Defendant Sheth has covered and seen patients for Dr. Chandra and other physicians, including at Ingalls Memorial Hospital in Harvey, Illinois and Advocate South Suburban Hospital in Hazel Crest, Illinois.

3.     From at least 2002, and continuing through the present, Defendant Sheth has intentionally and knowingly billed and submitted, or caused to be billed and submitted, false claims to the Medicare and Medicaid programs for services Defendant Sheth purportedly rendered. As set forth below, Defendant Sheth's actions and/or omissions include, but are not limited to, overcharges, upcoding, false billings, billing for medical treatment, procedures, and services that were not rendered, not medically necessary, or rendered without regard to their medical necessity and/or are not supported by documentation.

4.     The 1986 amendments to the FCA enhanced the Government's ability to recover losses sustained as result of fraud. Congress intended that the amendments create incentives for individuals such as Dr. Chandra, who have knowledge of fraud against the Government to disclose the information without fear of reprisals or Government inaction, and to encourage the private bar to commit legal resources to prosecuting fraud on the Government's behalf.

5.     The FCA and IWRPA provide that any person who knowingly submits, or causes the submission of, a false or fraudulent claim to the U.S. Government for payment or approval is liable for a civil penalty of up to $11,000 for each such claim, plus three times the amount of the damages sustained by the Government.

6.      The FCA and IWRPA allow any person having information about a false or fraudulent claim against the Government to bring an action for himself and the Government, and to share in any recovery.  The FCA and IWRPA require that the Complaint be filed under seal for a minimum of 60 days (without service on the defendant during that time) to allow the Government time to conduct its own investigation and to determine whether to join the suit.

7.      On behalf of the government, Dr. Chandra seeks to recover damages and civil penalties arising from Defendant Sheth's making or causing to be made false or fraudulent claims to the Medicare and Medicaid programs, for services he purportedly rendered or which he knew were not rendered and were therefore not eligible for payment.

## PARTIES

8.      Plaintiff-Relator Lokesh Chandra, M.D. is a resident of Burr Ridge, Illinois. He is a native of India. Dr. Chandra is a medical doctor specializing in internal medicine and cardiology.  He is licensed and practices in the States of Illinois and Indiana. Currently, Dr. Chandra is self-employed, and sees patients at his offices located in Chicago and Hazel Crest, Illinois.  He is also on staff and has privileges at four hospitals in the greater Chicago area, including Ingalls Memorial Hospital, Advocate South Suburban Hospital, Advocate Trinity Hospital, and Saint Margaret Mercy Hospital.  He sees patients at these hospitals when they have been admitted and/or when he is performing certain procedures, such as angioplasty.  See Bates No. 1-2 to Disclosure Statement.

9.      Defendant Sushil Sheth is a medical doctor who is licensed in and practices, or has practiced in, the States of Illinois, Indiana, Wisconsin, and California.  Defendant specializes in internal medicine and cardiology, and conducts business as "Sushil A. Sheth,

M.D., S.C." His principle place of business is located at 1743 Heather Hill Crescent, Flossmoor, Illinois, his home address. See Bates Nos. 5-27 to Disclosure Statement. Defendant Sheth sees patients at several Chicago-area hospitals where he has privileges, including Ingalls Memorial Hospital, South Suburban Hospital, as well as Saint Margaret Mercy Hospital in Hammond, Indiana.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 31 U.S.C. §§3729 and 3730 and 740 ILCS 174/4, and under as 28 U.S.C. §1331 and 31 U.S.C. §3732. Under 31 U.S.C. §3730(e), there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint.

11.     This Court has personal jurisdiction over the Defendant pursuant to 31 U.S.C. §3732(a). Defendant can be found in, resides in, or transacts or has transacted business within the Northern District of Illinois.

12.     Venue is proper in the Northern District of Illinois pursuant to 31 U.S.C. §3732(a). At all times relevant to this Complaint, Defendant Sheth regularly conducted substantial business within this district, and maintained employees and/or offices in this district. In addition, statutory violations, as alleged herein, occurred in this district.

## BACKGROUND

13.     Since at least 2002, and continuing through the present, Defendant Sheth has intentionally and knowingly billed and submitted or caused to be billed and submitted false claims to the Medicare and Medicaid programs. Defendant Sheth was paid and/or sought payment for services purportedly rendered on behalf of Dr. Chandra and other physicians through the use of false and fraudulent statements and conduct. Defendant

Sheth's actions and/or omissions include, but are not limited to, overcharges, upcoding, false billings, billing for medical treatment, procedures, and services that were not rendered, not medically necessary, or rendered without regard to their medical necessity and/or are not supported by adequate documentation.

14.     Defendant Sheth is a medical doctor specializing in internal medicine and cardiology.  Defendant conducts business as  "Sushil A. Sheth, M.D., S.C." at 1743 Heather Hill Crescent, Flossmoor, Illinois, his home address.  Defendant Sheth is an independent physician who sees patients who have been referred to him by other doctors. He rents an office from Saint Margaret Mercy Hospital in Hammond, Indiana, where he sees patients one day a week.  He has no other office. Defendant Sheth's main mode of practice is to "cover" other physicians' rounds at various hospitals in the greater Chicago metropolitan area and northern Indiana.

15.     From time to time, Defendant Sheth covered Dr. Chandra's and other physicians' hospital rounds when they are unable to see their own patients.  This is a normal practice within the medical community.  As such, physicians agree to cover each other if they are on vacation, sick, participating in continuing medical education seminars, or otherwise unavailable to see their own patients.  When Defendant Sheth covers other physicians' hospital rounds, he bills Medicare, Medicaid and the private payor directly.

16.     Under the Social Security Act, Defendant Sheth may seek payment from the Government but may only be paid for providing "reasonable and necessary" health care services.  42 U.S.C. §1395y(a)(1). As a condition of billing the Government, and receiving Government money, Defendant Sheth is required to insure that all services provided are medically necessary and are supported by documentation.  42 U.S.C. §1320c-5(a); 42

C.F.R. §466.71(d), 1004.10. Moreover, Defendant must actually render the services and level of services for which he bills the Government.

17.     Pursuant to the Federal Medicare program, Defendant Sheth is reimbursed for inpatient services provided to Medicare patients based upon his certification that the services were rendered and were medically necessary. This is the traditional fee for service system. Bills for medical services rendered, including cardiology consultations billed by Defendant Sheth, were submitted to a "fiscal intermediary" ("FI"), a private insurance company, or directly to the federal government or the State of Illinois. The federal government contracts with such FI's to operate part of the Medicare program. When a fee for service basis is used, false charges by the Defendant leads directly to claims presented to both Illinois and the United States.

18.     Defendant Sheth billed and was paid by Medicare for inpatient cardiology consultations, most of which were coded at the critical care level, code numbers 99291 and 99292. Pursuant to the Current Procedural Terminology ("CPT") codes universally utilized by medical providers and insurers throughout the United States, critical care codes may be used when "a critical illness or injury acutely impairs one or more vital organ systems such that there is a high probability of imminent or life threatening deterioration in the patient's condition." In submitting bills to the Government, Defendant certified that he performed the services for which he billed, that the services were medically necessary, and that his representations were true and accurate.

19.     Defendant is paid by Medicare on the basis of the reasonable charge for the item or service provided within the meaning of 42 U.S.C. §1395u(b)(3) and 42 CFR §405.501.

20.     Dr. Chandra's patients, including, but not limited to, **OG, LF, CB, FP, and DM** and their carriers were billed by Defendant Sheth for services never rendered or for upcoded services.  The Explanation of Benefits ("EOB's") and CMS Medicare Summary Notices received by Dr. Chandra's patients, indicate claims by Defendant for critical care services rendered on various dates.  See e.g., Disclosure Statement, Bates Nos. 33-38; 61-67; 89-109; 142-145. Many of Dr. Chandra's patients told him and his staff that the were not seen by Defendant Sheth or that he failed to render the services for which he billed the government.  Moreover, in some cases, Defendant Sheth billed for hospital visits on dates on which Dr. Chandra's patients were not in the hospital, as further set forth below.

21.     On September 16, 2004, Dr. Chandra's patient, **OG,** was scheduled to be admitted to Ingalls Memorial Hospital for further tests.  However, the admission was cancelled by patient **OG,** which is confirmed by the fact that there are no medical records in Ingalls Memorial Hospital's files indicating her admission and treatment.  In fact, patient OG's medical record indicates the cancellation of her planned hospital stay.  See Bates No. 39 to the Disclosure Statement.  Nevertheless, Defendant billed and was approved for payment by Blue Cross/Blue Shield and Medicare (as secondary payor) for consultations on September 14, 15, 16, 17, 18, and 19 (Bates Nos. 33-38) as follows:

| Service Description | Service Date | Amount Billed |
| --- | --- | --- |
| Consultation | 9-14-04 | $350.00 |
| Consultation | 9-15-04 | $250.00 |
| ICU Medical Visits | 9-15-04 | $350.00 |
| ICU Medical Visits | 9-15-04 | $950.00 |
| Consultation | 9-16-04 | $250.00 |

| | | |
|---|---|---|
| ICU Medical Visits | 9-16-04 | $350.00 |
| ICU Medical Visits | 9-16-04 | $950.00 |
| Consultation | 9-17-04 | $250.00 |
| Consultation | 9-18-04 | $250.00 |
| ICU Medical Visits | 9-18-04 | $350.00 |
| ICU Medical Visits | 9-18-04 | $950.00 |
| Consultation | 9-19-04 | $250.00 |
| ICU Medical Visits | 9-20-04 | $350.00 |
| ICU Medical Visits | 9-20-04 | $950.00 |
| **TOTAL BILLED** | | **$6,800.00** |
| **AMOUNT PAID BY MEDICARE**[1] | | **$2,875.26** |

22.     In or about January 2006, patient **OG** received an explanation of benefits from her insurer, Blue Cross/Blue Shield, which detailed the above charges.  See Bates Nos. 33-38  to the Disclosure Statement.  Since she was never even admitted to the hospital (Bates No. 39), she was not seen by Defendant Sheth for an in hospital consult or treatment.

23.     Similarly, Defendant falsely and fraudulently billed Blue Cross/Blue Shield and Medicare for hospital consultations for which documentation did not support the medical necessity of the serviced billed or the fact that the services were actually rendered. In the case of **LF**, another of Dr. Chandra's patients, Defendant billed as follows:

---

[1]     Amounts paid relates to the amounts paid by Medicare and/or private insurers based on the EOB's currently in Relator's possession.  Relator believes there are additional pages of the EOB's, not in his possession, which reflect further billings and amounts paid by Medicare and other private insurers.  (Relator will provide additional documentation upon receipt.)  Additionally, Relator has no basis to believe that amounts billed by Defendant Sheth, including those amounts owing because they were not covered by Medicare, were not paid by the patients' private insurers.

| Service Description | Service Date | Amount Billed |
|---|---|---|
| Consultation | 8-8-02 | $350.00 |
| ICU Medical Visits | 8-8-02 | $350.00 |
| ICU Medical Visits | 8-8-02 | $950.00 |
| Consultation | 8-10-02 | $250.00 |
| ICU Medical Visits | 8-10-02 | $350.00 |
| ICU Medical Visits | 8-10-02 | $950.00 |
| Consultation | 8-11-02 | $250.00 |
| Consultation | 8-13-02 | $250.00 |
| ICU Medical Visits | 8-13-02 | $950.00 |
| ICU Medical Visits | 8-14-02 | $350.00 |
| ICU Medical Visits | 8-14-02 | $700.00 |
| ICU Medical Visits | 8-15-02 | $350.00 |
| ICU Medical Visits | 8-15-02 | $950.00 |
| ICU Medical Visits | 8-16-02 | $350.00 |
| ICU Medical Visits | 8-16-02 | $700.00 |
| **TOTAL** | | **$8,050.00** |
| **AMOUNT PAID BY MEDICARE** | | **$1,598.94** |
| **AMOUNT PAID BY BLUE CROSS/BLUE SHIELD** | | **$   897.58** |

24.     In patient **LF's** case, she was admitted to Ingalls Memorial Hospital on August 7, 2002, and discharged on August 16, 2002. The chart notes corresponding to patient LF's residency at the hospital are devoid of any entries by Defendant. See Bates Nos. 40-60 to Disclosure Statement. Nevertheless, Defendant submitted bills for daily consultations and intensive care unit visits, reflected on the EOB received by patient **LF**, which never occurred. See Bates Nos. 61-67 to the Disclosure Statement.

25.　In addition to the above, Defendant falsely and fraudulently billed Blue Cross/Blue Shield and Medicare for critical care visits to Dr. Chandra's patient, **CB** as follows:

| Service Description | Service Date | Amount Billed |
| --- | --- | --- |
| 1 Critical Care, first hour (99291) | 11-12-04 | $350.00 |
| 5 Critical Care, add'l 30 mins (99292) | 11-12-04 | $950.00 |
| 1 Critical Care, first hour (99291) | 11-13-04 | $350.00 |
| 5 Critical Care, add'l 30 mins (99292) | 11-13-04 | $950.00 |
| 1 Critical Care, first hour (99291) | 11-14-04 | $350.00 |
| 5 Critical Care, add'l 30 mins (99292) | 11-14-04 | $950.00 |
| 1 Critical Care, first hour (99291) | 11-15-04 | $350.00 |
| 5 Critical Care, add'l 30 mins (99292) | 11-15-04 | $950.00 |
| 1 Follow-up inpatient consult (99293-25) | 11-15-04 | $250.00 |
| 1 Critical Care, first hour (99291) | 11-16-04 | $350.00 |
| 5 Critical Care, add'l 30 mins (99292) | 11-16-04 | $950.00 |
| 1 Critical Care, first hour (99291) | 11-17-04 | $350.00 |
| 5 Critical Care, add'l 30 mins (99292) | 11-17-04 | $950.00 |
| 1 Critical Care, first hour (99291) | 11-18-04 | $350.00 |
| 5 Critical Care, add'l 30 mins (99292) | 11-18-04 | $700.00 |
| 1 Critical Care, first hour (99291) | 11-19-04 | $350.00 |
| 5 Critical Care, add'l 30 mins (99292) | 11-19-04 | $950.00 |
| 1 Critical Care, first hour (99291) | 11-20-04 | $350.00 |
| 5 Critical Care, add'l 30 mins (99292) | 11-20-04 | $950.00 |
| **TOTAL** | | **$11,700.00** |
| **AMOUNT PAID BY MEDICARE** | | **$ 5,375.35** |

See Bates Nos. 89-98 to the Disclosure Statement.

26.     On November 11, 2004, patient **CB** was admitted to Ingalls Memorial Hospital for rehabilitation post-total right hip arthroplasty done at Advocate Trinity Hospital.  She was discharged on November 16, 2004.  Although Defendant billed for daily critical care visits, there are no entries in the chart notes documenting these purported services.  See Bates Nos. 68-88 to the Disclosure Statement.  Moreover, some of the purported critical care visits billed by Defendant are dated at the time patient CB was undergoing inpatient physical therapy, which does not qualify as critical care.

27.     In another case of submission of false and fraudulent bills to Blue Cross/Blue Shield and Medicare, Defendant billed for critical care visits to Dr. Chandra's patient, **FP** Bates Nos. 99-109), as follows:

| Service Description | Service Date | Amount Billed |
|---------------------|--------------|---------------|
| Consultation        | 6-30-03      | $350.00       |
| Hospital Visit      | 6-30-03      | $350.00       |
| Hospital Visit      | 6-30-03      | $950.00       |
| Consultation        | 7-1-03       | $250.00       |
| Hospital Visit      | 7-1-03       | $350.00       |
| Hospital Visit      | 7-1-03       | $950.00       |
| Consultation        | 7-2-03       | $250.00       |
| Hospital Visit      | 7-2-03       | $350.00       |
| Hospital Visit      | 7-2-03       | $950.00       |
| Consultation        | 7-3-03       | $200.00       |
| Hospital Visit      | 7-3-03       | $350.00       |
| Hospital Visit      | 7-3-03       | $950.00       |
| Consultation        | 7-4-03       | $250.00       |
| Hospital Visit      | 7-4-03       | $350.00       |

| | | |
|---|---|---|
| Hospital Visit | 7-4-03 | $950.00 |
| Consultation | 7-5-03 | $250.00 |
| Hospital Visit | 7-5-03 | $350.00 |
| Hospital Visit | 7-5-03 | $700.00 |
| Consultation | 7-6-03 | $250.00 |
| Hospital Visit | 7-6-03 | $350.00 |
| Hospital Visit | 7-6-03 | $950.00 |
| Consultation | 7-7-03 | $200.00 |
| Hospital Visit | 7-7-03 | $350.00 |
| Hospital Visit | 7-7-03 | $950.00 |
| Consultation | 7-8-03 | $250.00 |
| Hospital Visit | 7-8-03 | $350.00 |
| Hospital Visit | 7-8-03 | $950.00 |
| Consultation | 7-9-03 | $250.00 |
| Hospital Visit | 7-9-03 | $350.00 |
| Hospital Visit | 7-9-03 | $950.00 |
| Consultation | 7-10-03 | $250.00 |
| Hospital Visit | 7-10-03 | $350.00 |
| Hospital Visit | 7-10-03 | $700.00 |
| Consultation | 7-11-03 | $200.00 |
| Hospital Visit | 7-11-03 | $350.00 |
| Hospital Visit | 7-11-03 | $950.00 |
| Consultation | 7-12-03 | $250.00 |
| Hospital Visit | 7-12-03 | $350.00 |
| Hospital Visit | 7-12-03 | $950.00 |
| Consultation | 7-13-03 | $250.00 |
| Hospital Visit | 7-13-03 | $350.00 |

| | | |
|---|---|---|
| Hospital Visit | 7-13-03 | $700.00 |
| Consultation | 7-14-03 | $250.00 |
| Hospital Visit | 7-14-03 | $350.00 |
| Hospital Visit | 7-14-03 | $950.00 |
| Consultation | 7-15-03 | $200.00 |
| Hospital Visit | 7-15-03 | $350.00 |
| Hospital Visit | 7-15-03 | $950.00 |
| Consultation | 7-16-03 | $250.00 |
| Hospital Visit | 7-16-03 | $350.00 |
| Hospital Visit | 7-16-03 | $950.00 |
| Consultation | 7-18-03 | $250.00 |
| Hospital Visit | 7-18-03 | $350.00 |
| Hospital Visit | 7-18-03 | $950.00 |
| Consultation | 7-19-03 | $250.00 |
| Hospital Visit | 7-19-03 | $350.00 |
| Hospital Visit | 7-19-03 | $700.00 |
| Consultation | 7-24-03 | $250.00 |
| Hospital Visit | 7-24-03 | $350.00 |
| Hospital Visit | 7-24-03 | $700.00 |
| Consultation | 7-25-03 | $250.00 |
| Hospital Visit | 7-25-03 | $350.00 |
| Hospital Visit | 7-25-03 | $950.00 |
| Consultation | 7-26-03 | $200.00 |
| Hospital Visit | 7-26-03 | $350.00 |
| Hospital Visit | 7-26-03 | $700.00 |
| Hospital Visit | 7-27-03 | $350.00 |
| Hospital Visit | 7-27-03 | $950.00 |
| Hospital Visit | 7-28-03 | $350.00 |
| Hospital Visit | 7-28-03 | $950.00 |
| Hospital Visit | 7-29-03 | $350.00 |

| Hospital Visit | 7-29-03 | $700.00 |
|---|---|---|
| **TOTAL** | | **$36,100.00** |
| **AMOUNT PAID BY MEDICARE** | | **$14,976.33** |

28.     On June 30, 2003, patient **FP** was admitted to Ingalls Memorial Hospital for observation and monitoring as a result of complaints of shortness of breath.  He was discharged on July 28, 2003.  As with Dr. Chandra's other patients, Defendant falsely and fraudulently billed for consultations and hospital visits during this period which largely never took place.  See Bates Nos. 99-139 to the Disclosure Statement.  In patient FP's case, there are three entries in the medical record (on July 4, 6, and 27) documenting Defendant Sheth's consultation with him, when he was legitimately covering for Dr. Chandra.  See Bates Nos. 110-139 to the Disclosure Statement.  There is no documentation to back up the myriad other dates for which Defendant billed the government.

25.     In a similar case false and fraudulent bills submitted to Blue Cross/Blue Shield and Medicare, Defendant billed for intensive care unit visits and consultations to Dr. Chandra's patient, **DM** (Bates Nos. 140-146), as follows:

| Service Description | Service Date | Amount Billed |
|---|---|---|
| ICU Medical Visits | 1-18-05 | $350.00 |
| ICU Medical Visits | 1-18-05 | $950.00 |
| Consultation | 1-18-05 | $350.00 |
| Consultation | 1-19-05 | $250.00 |
| ICU Medical Visits | 1-20-05 | $350.00 |
| ICU Medical Visits | 1-20-05 | $700.00 |
| Consultation | 1-20-05 | $250.00 |
| Consultation | 1-21-05 | $250.00 |
| ICU Medical Visits | 1-22-05 | $350.00 |
| ICU Medical Visits | 1-22-05 | $950.00 |

| Consultation | 1-22-05 | $250.00 |
|---|---|---|
| **TOTAL** | | **$5,000.00** |
| **AMOUNT PAID BY MEDICARE** | | **$2,191.06** |

29.     On January 18, 2005, Patient **DM** was admitted to Ingalls Memorial Hospital for observation due to symptoms related to gastritis. She was discharged on January 22, 2005. During her hospital stay, patient **DM** was never in the intensive care unit, and she was never seen by Defendant Sheth. Rather, Dr. Chandra made his usual hospital rounds during this period of time, including inpatient consultations with patient **DM.** As a consequence, the billings submitted by Defendant Sheth to Blue Cross/Blue Shield and Medicare are completely fabricated, resulting in false billing and overpayments by Medicare.

30.     In addition to the above, in April 2004, Dr. Chandra received courtesy copies of four letters directed to Defendant from Ingalls Providers Group ("IPG"), a health maintenance organization, regarding audits of Defendant Sheth's claims for services in relation to four IPG members: JW, CM, BJ, and BE. See Bates Nos. 147-154 to the Disclosure Statement. The letters, which are essentially identical, demand Defendant refund monies paid to him for services for which there is either no documentation or, in the instance where there was documentation, the documentation did not support the level of service billed, or which is not billable to the Plan. Namely, consistent with his false billing in the other patient files detailed above and in the Disclosure Statement, Defendant billed the critical care CPT codes 99291 and 99292 for each day he billed. However, the patients' charts and medical conditions did not support billing at the critical code level, which may be used only when "a critical illness or injury acutely impairs one or more vital organ systems such that there is a high probability of imminent or life threatening

deterioration in the patient's condition." See Bates Nos. 28-32 to the Disclosure Statement. As a result, the private plan, IPG demanded that Defendant refund the amount billed, totaling $17,458.57.

31.     Through the present, Dr. Chandra continues to receive information, including complaints from other patients who have received EOB's from either Medicare or their private insurer which include billings by Defendant for services that were never rendered or which have been upcoded.

32.     For the reasons stated above, Dr. Chandra believes this pattern and practice of false and fraudulent billing continues through the present, resulting in hundreds of thousands of dollars of false billings to Medicare and Medicaid and the State of Illinois.

33.     Dr. Chandra's Disclosure Statement and exhibits set forth examples of Defendant Sheth's illegal practices, including billing for services not provided and upcoding services billed to the Government. Dr. Chandra estimates that Defendant covers for at least twenty to thirty physicians in the greater Chicago metropolitan area, and that Defendant falsely and fraudulently bills Medicare, Medicaid, and other insurers for services purportedly rendered while he is covering for those physicians. Dr. Chandra has no means of knowing the total amount of overcharges billed by Defendant. However, based on the billings to and/or paid by Medicare for the eight patients outlined herein for a short time period totaling $82,299.63, which averages out to $10,000.00 per patient, the total damages will undoubtedly exceed hundreds of thousands of dollars.

## COUNT I
## FALSE CLAIMS ACT

34. Dr. Chandra repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth herein.

35. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. §3729, *et seq.*, as amended.

36. By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the United States Government for payment or approval.

37. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false or fraudulent records and statements, and omitted material facts, to induce the Government to approve and pay such false or fraudulent claims.

38. Each submission to the Government by Defendant for medical services purportedly provided represents a false or fraudulent record or statement and a false or fraudulent claim for payment.

39. Dr. Chandra cannot at this time identify all of the false claims for payment that were caused by Defendant Sheth's conduct. Dr. Chandra only has access to the records that his patients have provided to him as a result of their complaints regarding Defendant Sheth's billing practices.

40. The Government, unaware of the falsity of the records, statements and claims made or caused to be made by the Defendant, paid and continues to pay the claims that would not be paid but for Defendant Sheth's false and fraudulent claims for reimbursement.

41.    By reason of the Defendant Sheth's acts, the United States has been damaged, and continues to be damaged, in substantial amounts to be determined at trial. Federal health insurance programs have paid numerous claims, amounting to thousand if not millions of dollars, for medical services never provided by Defendant.

42.    Since at least 2002, and continuing through the present, Defendant intentionally acted to defraud the United States and/or the State of Illinois, by seeking and/or obtaining reimbursements from Medicare and Medicaid by engaging in and/or knowingly permitting the following acts.

## PRAYER

**WHEREFORE,** Relator prays for judgment against the Defendant as follows:

1.    that Defendant cease and desist from violating 31 U.S.C. §3729 *et seq.*, and the counterpart provisions of the Illinois state statute set forth above;
2.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the United States has sustained because of Defendant Sheth's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729;
3.    that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Illinois has sustained because of Defendant Sheth's actions, plus a civil penalty of $10,000 for each violation of 740 Ill. Comp. Stat. §175/3(a);
4.    that Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act, and the equivalent provisions of the Illinois state statute set forth above,
5.    that Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act, and the equivalent provisions of the Illinois state statute set forth above;
6.    that Relator be awarded all costs of this action, including attorneys' fees and expenses; and
7.    that Relator recover such other relief as the Court deems just and proper.

## COUNT II
## ILLINOIS WHISTLEBLOWER REWARD AND PROTECTION ACT

43.     Dr. Chandra repeats and realleges each and every allegation contained in paragraphs 1 through 42 above as though fully set forth herein.

44.     This is a claim for treble damages and penalties under the Illinois Whistleblower Reward and Protection Act.

45.     By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Illinois State Government for payment or approval.

46.     By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records or statements, and omitted material facts, to induce the Illinois State Government to approve and pay such false and fraudulent claims.

47.     As a result, Illinois State monies were lost through the payment of such false and fraudulent claims.

48.     By reason of the Defendant Sheth's acts, the State of Illinois has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

49.     Additionally, the Illinois State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## PRAYER

**WHEREFORE,** Relator prays for judgment against the Defendant as follows:

1.     that Defendant cease and desist from violating 31 U.S.C. §3729 *et seq.*, and the counterpart provisions of the Illinois state statute set forth above;

2.     that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the United States has sustained because of Defendant Sheth's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729;

3. that this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Illinois has sustained because of Defendant Sheth's actions, plus a civil penalty of $10,000 for each violation of 740 Ill. Comp. Stat. §175/3(a);

4. that Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act, and the equivalent provisions of the Illinois state statute set forth above;

5. that Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act, and the equivalent provisions of the Illinois state statute set forth above;

6. that Relator be awarded all costs of this action, including attorneys' fees and expenses; and

7. that Relator recover such other relief as the Court deems just and proper.


Respectfully submitted,


_Robin Potter_

Attorneys for Plaintiff-Relator


Robin Potter, Esq.
ROBIN POTTER & ASSOCIATES, P.C.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 861-1800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing **COMPLAINT** was filed *in camera* and *under seal* pursuant to the False Claims Act and was served upon all parties listed on the attached service list as noted or by placing the same in the United States Postal depository located at 111 East Wacker Drive, Chicago, Illinois, before 5:00 p.m. on this 19th day of April, 2006, with First Class postage prepaid, addressed as follows:

Linda A. Wawzenski,
Assistant U. S. Attorney and Deputy Chief
Civil Division-Illinois
Eastern Division of the Northern District
Office of the U. S. Attorney
219 South Dearborn Street
Suite 500
Chicago, Illinois  60604
**By Hand-Delivery**

Patrick Keenan
Assistant Attorney General and Bureau Chief
Medicaid Fraud Bureau
Office of the Attorney General
State of Illinois Center
100 West Randolph Street - 12th Floor
Chicago, Illinois  60601
**By Hand-Delivery**

The Honorable Alberto Gonzalez
Attorney General of the United States
U. S. Department of Justice
950 Pennsylvania Avenue, N.W.
Room 4400
Washington, D.C.  20530-0001
**By First Class Mail**

Robin Potter
Robin Potter

COS 4-19-06 Complaint.wpd
April 19, 2006/mab