UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA and the | ) | |
|---|---|---|
| STATE OF ILLINOIS *ex rel.* LOKESH | ) | |
| CHANDRA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06 C 2191 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| SUSHIL A. SHETH, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

After this False Claims Act ("FCA") case was settled and the relator's recovery was distributed to relator's counsel, Robin Potter & Associates, P.C. (the "Potter Firm"), a dispute arose between relator Lokesh Chandra ("Chandra"), his brother Rakesh Chandra ("Rakesh"), and the Potter Firm over the distribution of the recovery amount. The parties dispute the validity and interpretation of their engagement agreement, which provides that the Potter Firm is entitled to 40% of any recovery and that the remainder is to be split equally between the brothers. The dispute is inherently one of state contract law. The brothers chose different forums in which to litigate the dispute, with Rakesh filing a lawsuit in state court and Lokesh filing a motion [48] in this case asking the Court to disburse the relator recovery and adjudicate attorneys' fees. Lokesh then removed Rakesh's state court suit to federal court. Finding it lacked subject matter jurisdiction, however, the Court remanded that action to state court. *Chandra v. Chandra*, No. 13 C 8539, 2014 WL 624596 (N.D. Ill. Feb. 18, 2014).

Lokesh then filed a motion [68] to join Rakesh to this action pursuant to Federal Rule of Civil Procedure 19(a). At the same time, the Potter Firm and Rakesh filed motions [70, 72] to

dismiss or stay proceedings on the motion to disburse in favor of Rakesh's state law suit. The Court need not address these motions, however. Although the Court has supplemental jurisdiction over Lokesh's motion to disburse the relator recovery, because the dispute involves state law issues and no federal claims remain pending, the Court declines to exercise supplemental jurisdiction over Lokesh's motion to disburse. Thus, the motions to join and dismiss are moot.

As the Court has previously stated, it has supplemental jurisdiction over the dispute among the parties regarding disbursement of the relator's recovery. *See Goyal v. Gas Tech. Inst.*, 718 F.3d 713, 717–18 (7th Cir. 2013) ("District courts may exercise supplemental jurisdiction over disputes between attorneys and clients concerning costs and fees for representation in matters pending before the district court."); *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299–1301 (7th Cir. 1995).[1] Because the FCA action was never dismissed and the Court retains jurisdiction over it, the dispute over the relator's recovery as raised in Lokesh's motion is properly before the Court. *Cf. Goyal*, 718 F.3d at 717 ("Supplemental jurisdiction does not extend, however, to attorney fee disputes after the case has been dismissed and jurisdiction has been relinquished.").

But the fact that the Court has supplemental jurisdiction does not mean that the Court must exercise that jurisdiction. The Court instead has discretion to relinquish jurisdiction over state law claims. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). It may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over

---

[1] The Seventh Circuit recently noted, however, that its rule that federal courts have supplemental jurisdiction over attorneys' fee disputes related to litigation within a federal court's jurisdiction may require reconsideration. *Oparaeche v. Reddy*, --- F. App'x ----, 2014 WL 274541, at *1 (7th Cir. 2014).

which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). When all federal claims in a suit are dismissed, the presumption is that a federal court will relinquish federal jurisdiction over supplemental state law claims. *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). The Court should not relinquish jurisdiction if "(1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008).

Here, the federal claims supporting this Court's jurisdiction have been settled and a consent judgment has been entered. No federal claims remain pending and thus § 1367(c)(3) provides a basis for declining jurisdiction over the motion to disburse. *See Mooney v. Nw. Ill. Reg'l Commuter R.R. Corp.*, 128 F. Supp. 2d 1178, 1181 (N.D. Ill. 2001) (where federal claim was settled, § 1367(c)(3) provided basis for declining jurisdiction over state law claim). The Court need not entertain the parties' contract dispute simply because the Court has retained jurisdiction to enforce the settlement agreement, particularly where this dispute does not require interpretation of the settlement agreement but rather of a separate contract. *See Dargis*, 526 F.3d at 991 (finding "no reason" for a district court to entertain state law claims simply because judgment was entered in the plaintiff's favor on a federal claim).

Moreover, none of the exceptions apply. This Court has not substantively addressed the issues raised by Lokesh's request for disbursal. Nor is this Court familiar with the facts of the FCA claim, as the case was transferred to it after the consent judgment was entered. *See Mooney*, 128 F. Supp. 2d at 1181 (noting that judicial economy would not be served by retaining jurisdiction over state law claims where a different judge had presided over the case "virtually

from its inception"). And despite Lokesh's continued efforts to invoke federal law, the Court is not persuaded that issues surrounding the proper distribution of the relator recovery will require an interpretation of federal law. Although the facts of the underlying litigation may have some bearing on the resolution of the dispute, the ultimate question will be one of state law contract interpretation, not of the FCA. *See S.G. by & through Garcia v. Calica*, No. 13 C 5405, 2013 WL 5818457, at *3 (N.D. Ill. Oct. 29, 2013) (reference to federal statutes as part of contractual dispute did not mean that dispute belonged in federal court); *Sentry Ins. A Mut. Co. v. Regal Ware, Inc.*, No. 10-CV-168-WMC, 2012 WL 1088585, at *4 (W.D. Wis. Mar. 30, 2012) (declining to exercise supplemental jurisdiction over unjust enrichment claim where disputed legal question was distinct from facts of underlying litigation). Further, there is no time bar to asserting the parties' claims in state court, as evidenced by the pendency of Rakesh's declaratory judgment action in state court. Lokesh can assert any issues not already raised as counterclaims to Rakesh's complaint. Finally, it is not clearly apparent how the motion to disburse should be decided, with further factual development and argument required from all parties.

Thus, the Court declines to exercise supplemental jurisdiction over the dispute regarding the disbursal of the relator recovery. The pending motions to disburse relator recovery and for adjudication of attorney's fees [48], to join [68], and to dismiss or stay [70, 72] are terminated.

Dated: April 9, 2014

SARA L. ELLIS
United States District Judge